

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2006

# Smith v. Dept Human Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2912

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Smith v. Dept Human Ser" (2006). *2006 Decisions*. Paper 547.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/547

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-309                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2912
_____

DIANA SMITH,

Appellant,

v.

DEPARTMENT OF HUMAN SERVICES; ZAKIA
MOORE; TREVOR HANNIFORD; ERIN MURPHY
DACAU-MARNI GANGEL; RACHEL HOLTZMAN;
DONNA HOLLAND; SARAH MUNYAN
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-mc-000075)
District Judge: Honorable James T. Giles
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 17, 2006

Before: BARRY, SMITH AND NYGAARD, CIRCUIT JUDGES

(Filed: August 30, 2006 )

_____

OPINION
_____

PER CURIAM

Diana Smith appeals from the order of the United States District Court for the

Eastern District of Pennsylvania dismissing her miscellaneous action for lack of

jurisdiction pursuant to the <u>Rooker-Feldman</u> doctrine.[1]

In the District Court, Diana Smith filed a "motion for extension of time on appeal from the Supreme Court of Pennsylvania...," claiming that, although she had begun preparing her appeal from the Pennsylvania Supreme Court's dismissal of her application for extraordinary relief, changes in her health condition limited her ability to work on it. The motion claims that in 2002, the Philadelphia Court of Common Pleas adjudicated her son "dependent" under Pennsylvania law and took him into state custody based on allegations that she had sexually abused him, allegations that Smith says are unfounded. When DHS filed a petition for involuntary termination, Smith filed an "application for extraordinary relief" in the Pennsylvania Supreme Court in response. She challenges the state court's decision in November 2005, granting DHS's petition and terminating her parental rights. She contests the evidence presented at the hearing on termination of her parental rights and claims that the judge denied her request to present certain evidence. She contests court orders connected with these proceedings such as the court's directive that she obtain counseling, attend parenting classes, and participate in drug and alcohol treatment. She seeks reversal of the state court order terminating her parental rights, an order granting unsupervised visitation with her son, and an order mandating her son's immediate return to her custody and termination of the state's case.

The DHS filed a motion to dismiss pursuant to Federal Rules of Civil Procedure

---

[1] See <u>District of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

2

12(b)(1) and (b)(6). The District Court subsequently denied Smith's motion for extension of time based upon the Rooker-Feldman doctrine. Smith timely appealed, stating in part that she was informed that "in order to appeal the Supreme Court dismissal of my application for extraordinary relief, I must first file with the United States District Court..."

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Smith has been granted leave to proceed in forma pauperis on appeal. As discussed further below, we will dismiss this appeal pursuant to § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005), the Supreme Court clarified the scope of Rooker-Feldman and made clear that courts have applied it beyond its appropriate boundaries. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). The Rooker-Feldman doctrine deprives a District Court of subject matter jurisdiction only in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284.

In her motion and her notice of appeal, Smith explicitly states that she is appealing the Pennsylvania Supreme Court's dismissal of her application for extraordinary relief. The claims contained in her motion allege injuries from erroneous state court judgments and seek reversal or modification of those state court judgments. Smith's miscellaneous

3

action is the classic case described in <u>Exxon Mobil</u>, of a plaintiff "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Id</u>. Smith's miscellaneous action thus is barred by <u>Rooker-Feldman</u>.

Because Smith's appeal is entirely lacking in merit, we will dismiss it under § 1915(e)(2)(B). Smith's motions for transcripts, for expedited appeal, and for injunctive relief are denied.